**Stanley M. SCHWARZ, Appellee**

v.

**WELLS FARGO ADVISORS, LLC f/k/a Wachovia Securities, LLC and Drew D. Barlow, Appellants.**

Superior Court of Pennsylvania.

Argued Aug. 21, 2012.
Filed Dec. 6, 2012.
Reargument Denied Feb. 6, 2013.

Brian T. Feeney, Philadelphia, for appellants.

Thomas A. Sprague, Philadelphia, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE, J. and McEWEN, P.J.E.

OPINION BY DONOHUE, J.:

Appellants, Wells Fargo Advisors, LLC f/k/a Wachovia Securities LLC ("Wells Fargo") and Drew D. Barlow ("Barlow" and collectively with Wells Fargo "Appellants"), appeal from the trial court's January 18, 2012 order vacating an arbitration award and directing the parties to proceed in the Court of Common Pleas of Philadelphia County. Also before us is the motion to quash of Appellee, Stanley Schwarz ("Schwarz"). We deny Schwarz's motion to quash, as an order vacating an arbitra-tion award without directing a rehearing is immediately appealable pursuant to 42 Pa. C.S.A. § 7320(a)(5). Upon review, we vacate the trial court's order and remand.

The trial court recited the following pertinent facts and procedural history:

Schwarz filed a civil complaint against [Appellants] asserting claims of professional negligence, breach of contract, conversion and breach of the Pennsylvania Unfair Trade Practices and Consumer Protection Law [ ('UTPCPL') ]. The complaint alleged that Schwarz was a client of [Wells Fargo] and maintained several accounts—including an IRA—with [Appellants]. [Barlow] served as Schwarz's financial advisor. According to the complaint, Schwarz suffered substantial financial losses due to [Appellants'] failure to carry out his instructions for the handling of his financial accounts beginning on January 22, 2008 and thereafter. More specifically, on or about January 22, 2008, Schwarz alleged, he had instructed [Barlow] to sell 50% of his holdings in his IRA account at [Wells Fargo] if they decreased in value by 5% and to sell the remaining 50% of his holdings if they decreased in value by 10%. According to the complaint, [Appellants] failed to carry out these instructions, which caused losses in excess of $200,000 for Schwarz. It also asserted that [Appellants] failed to carry out Schwarz's instruction in October 2008 regarding the purchase of a bank certificate of deposit, resulting in a loss of $3,536.82 in interest.

On January 11, 2010, [Appellants] responded to the complaint by filing an Answer with New Matter, asserting, *inter alia,* that the claims were subject to arbitration. A few weeks later, [Appellants] filed a Motion to Compel Arbitration on January 27, 2010. According to Schwarz, the request for arbitration was

premised on two documents: (1) an 'IRA Holder's Acceptance' from Prudential Securities whose date is illegible but was executed sometime prior to a merger between Prudential Securities and Wachovia Securities in 2003 and (2) an undated and 'even more illegible' document from WFS Clearing Services prior to a 2001 merger of Wheat First Securities with other entities to form Wachovia Securities.

Schwarz opposed this petition to arbitrate on various grounds. First, he never signed any agreement to arbitrate with [Appellants], and the documents attached to the petition to compel arbitration predated his relationship with [Appellants]. Second, the claims set forth in the complaint did not arise from any relationship between Schwarz and Prudential or with 'WFS Clearing Services.' In fact, [Schwarz] asserts he never had any professional brokerage relationship with WFS Clearing Services. Third, Schwarz had twice been requested to sign an arbitration agreement with [Appellants] and both times he refused to do so. In an effort to resist arbitration, Schwarz filed a motion to compel [Appellants] to produce a corporate designee for deposition concerning the illegible documents that were the basis of defendants' arbitration claim. Without any hearing on the issues of facts raised by Schwarz, the Honorable William Manfredi by decrees dated March 23, 2010 denied Schwarz's discovery petition and granted the petition to compel arbitration.

Trial Court Opinion, 1/27/12, at 1–3.

Schwarz received a nominal award from the arbitration panel on October 12, 2011. Subsequently, he filed a petition in the Court of Common Pleas asking the court to either vacate the arbitration award or confirm it so that Schwarz could proceed with an appeal to this Court. The trial court conducted a hearing on Schwarz's petition on December 15, 2011. After that hearing, the trial court entered the instant order vacating the arbitration award and directing the parties to proceed in common pleas court.

Appellants raise two issues on appeal:

1. Did the trial court err in vacating the arbitration award where [Schwarz] failed to show that he was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award, but instead vacated the award because it believed the earlier ruling of another judge compelling arbitration was incorrect?

2. Did the judge who vacated the arbitration award on the grounds that the parties did not agree to arbitrate the dispute violated [sic] the coordinate jurisdiction rule where another judge of coordinate jurisdiction had earlier ruled that the parties agreed to arbitrate the dispute?

Appellants' Brief at 2.

The trial court vacated the award pursuant to section 7314 of the Uniform Arbitration Act. That section provides in relevant part as follows:

§ 7314. Vacating award by court.

(a) General rule.

(1) On application of a party, the court shall vacate an award where:

(i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

(v) there was no agreement to arbitrate **and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304** (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

42 Pa.C.S.A. § 7314(a) (emphasis added).

Judge John W. Herron, whose order is presently on appeal, concluded that the parties did not enter an agreement to arbitrate, as per § 7314(a)(1)(v). Given the lack of an arbitration agreement, the trial court also concluded that the arbitrators exceeded their authority, per § 7314(a)(1)(iii). Judge Herron reasoned that Judge William J. Manfredi, who originally ruled on the motion to compel arbitration, failed to afford Schwarz a hearing on whether the parties agreed to arbitrate.

■ Appellants argue that Judge Herron lacked statutory authority to vacate the arbitration award based on his finding that the parties did not enter into an agreement to arbitrate. We agree. Judge Herron's order vacating the arbitration award does not comport with the plain language of § 7314. As emphasized above, one of the conditions for vacating an award pursuant to § 7314(a)(1)(v) is that the "existence of an agreement to arbitrate was

not adversely determined in proceedings under section 7304." 42 Pa.C.S.A. § 7314(a)(1)(v). Section 7304 provides as follows:

§ 7304. Court proceedings to compel or stay arbitration.

(a) *Compelling arbitration.*—On application to a court to compel arbitration made by a party showing an agreement described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration. **If the opposing party denies the existence of an agreement to arbitrate, the court shall proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party.** Otherwise, the application shall be denied.

42 Pa.C.S.A. § 7304(a) (emphasis added).

The instant matter proceeded exactly in accordance with § 7304(a). Appellants filed a motion to compel arbitration and Schwarz denied the existence of an agreement. Thereafter, Judge Manfredi proceeded "summarily" to determine whether an agreement existed. Upon finding the existence of an agreement to arbitrate, Judge Manfredi ordered the parties to proceed with the arbitration. In other words, when Schwarz filed his petition asking Judge Herron to vacate the award based on the lack of an arbitration agreement, that issue had already been "adversely determined in proceedings under section 7304." 42 Pa.C.S.A. § 7314(a)(1)(v). Judge Manfredi was not required to hold a hearing as § 7304 directs the trial court to proceed "summarily" to determine whether an agreement exists.[1]

1. The statute provides no guidance as to the procedure a trial court should employ in

Section 7314 sets forth an exclusive list of grounds upon which a trial court may vacate an arbitration award, and it expressly forbids the trial court to vacate an award for lack of an agreement to arbitrate where the existence of an agreement has already been determined in accordance with § 7304. That is precisely what Judge Herron did in this case, and we are constrained to conclude that he erred in doing so.

This Court's opinion in *Patton v. Hanover Ins. Co.*, 417 Pa.Super. 351, 612 A.2d 517 (1992) is instructive. There, the appellant appealed from a trial court order compelling arbitration. *Id.* at 518. This Court quashed the appeal as interlocutory, reasoning as follows:

[T]he question of whether an agreement to arbitrate exists is one which the lower court must ultimately address once the issue is raised pursuant to 42 Pa.C.S.A. § 7304 or § 7314(a)(1)(v). Once appellee petitioned the lower court to compel arbitration and appellant denied the existence of an agreement to arbitrate, the lower court was required to 'proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party. Otherwise the application [to compel arbitration] shall be denied.' 42 Pa.C.S.A. § 7304(a). **Clearly, once the question has been determined adversely by the lower court, we will be permitted to review that decision in a timely appeal.**

*Id.* at 519 (emphasis added).

■ Pursuant to our analysis of the Arbitration Act and our opinion in *Patton*, Judge' Herron's action is both statutorily forbidden and procedurally unnecessary. Once the trial court confirms an arbitration award, which creates a final appealable order pursuant to § 7320(a)(3) of the Arbitration Act, the trial court's decision under § 7304 can be challenged on direct appeal to this Court. Contrary to Schwarz's argument, the trial judge who renders a decision under § 7304(a) is not insulated from review. Pursuant to the statutory framework of the Arbitration Act and this Court's reasoning in *Patton*, that review must take place before this Court rather than the trial court.[2] As we wrote in *Patton*:

"summarily" determining whether an agreement to arbitrate exits. While the statute language affords no basis for concluding that a hearing is always required, one may be necessary in some cases. For example, in *Quiles v. Financial Exch. Co.*, 879 A.2d 281, 283 (Pa.Super.2005), the parties disputed whether the plaintiff employee ever received a copy of the employee handbook that contained the arbitration agreement. The trial court conducted a hearing and received testimony indicating that the employee's supervisor was not in the practice of giving employees a copy of the handbook. *Id.* at 284. The inquiry on appeal is "limited to determining whether the trial court's findings are supported by substantial evidence and whether it abused its discretion" in ruling on the petition to compel arbitration, the trial court proceeding under § 7304 must therefore gather enough evidence to facilitate appellate review. *See id.* at 283 n. 2. Likewise, *Keystone Tech-nology Group, Inc. v. Kerr Group, Inc.*, 824 A.2d 1223, 1227 (Pa.Super.2003), the trial court determined that certain conditions precedent did not occur and therefore it refused to enforce an agreement to arbitrate. This Court remanded for a hearing on the enforceability of the agreement because the record did not contain "substantial evidence" from which we could discern whether the conditions precedent had or had not been satisfied. *Id.* at 1228.

2. Appellants also argue that Judge Herron violated the coordinate jurisdiction rule in reversing Judge Manfredi on the existence of an agreement to arbitrate. The coordinate jurisdiction rule provides that a judge should not overrule the previous decision of another judge of coordinate jurisdiction presiding over the same case. *Ario v. Reliance Ins. Co.*, 602 Pa. 490, 509, 980 A.2d 588, 599 (2009).

[T]he threshold question of whether an agreement to arbitrate exists is, by statute, one which the lower court, and necessarily this court, has the authority to adjudicate. [ ... ] 42 Pa.C.S.A. § 7304 and § 7314(a)(1)(v). Thus, assuming arguendo that the lower court concludes that [the claim is subject to arbitration] and an arbitrators award is entered as a judgment, appellant may then raise the issue of the existence of an agreement to arbitrate before this [C]ourt.

*Id.* at 520.

We recognize that *Patton* does not address whether a trial court can overrule a previous court's decision under § 7304. As explained above, however, that question is squarely answered by the Arbitration Act, which prohibits such review. Under the procedure set forth in the Arbitration Act and summarized in *Patton*, this Court addresses both the contested decision under § 7304 and, if necessary, any issues pertaining to the arbitration award in a single appeal after the arbitration award is confirmed.

In summary, the trial court erred because in this case it lacked statutory authority to vacate the arbitration award based on its conclusion that no agreement to arbitrate exists.[3] We therefore vacate the trial court's award and remand for further proceedings. Upon entry of a final order, Schwarz may contest Judge Manfredi's decision under § 7304 in a timely appeal.[4]

In the instant case, the coordinate jurisdiction rule is effectively incorporated in § 7314(a)(1)(v). Pursuant to the bolded portion of § 7314(a)(1)(v) quoted in the main text, if a Court of Common Pleas judge finds the existence of an agreement to arbitrate pursuant to § 7304 and compels arbitration, the Court of Common Pleas judge reviewing the award cannot assert the absence of an agreement as a basis for vacating an arbitration award. If, however, a Common Pleas judge does not compel arbitration pursuant to § 7304 and a party instead disputes the existence of an agreement at the arbitration hearing, § 7314 permits the trial judge to assess the arbitration panel's decision on that issue. *See Patton*, 612 A.2d at 519 ("Assuming the lower court has not already adversely determined this issue, appellants may raise the issue before the arbitrators. 42 Pa.C.S.A. § 7314(a)(1)(v). If the arbitrators find an agreement to arbitrate exists, the court must then review the question of whether such an agreement existed between the parties.").

3. We are cognizant that the parties dispute whether the underlying proceeding was a statutory or common law arbitration. Section 7314 pertains to statutory arbitration proceedings, and we have analyzed this appeal under § 7314 because the trial court based its order on that section. Grounds for vacating an award after a common law arbitration proceeding are set forth in 42 Pa. C.S.A. § 7341. Pursuant to § 7341, the trial court can vacate or modify an arbitration award only where "it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S.A. § 7341. The "hearing" referred to in § 7341 cannot be a hearing on the existence of an arbitration agreement, because § 7304 applies to both statutory and common law arbitration proceedings. *See*, 42 Pa.C.S.A. § 7342(a) ("The following provisions of Subchapter A (relating to statutory arbitration) shall be applicable to arbitration conducted pursuant to this subchapter: [ ... ] Section 7304[.]"). As noted in the main text, § 7304 directs the trial court to proceed "summarily" in ascertaining an agreement to arbitrate. Since the absence of an agreement to arbitrate is not a basis for vacating an award under § 7341, the disposition of this appeal would be the same regardless of whether the parties engaged in statutory or common law arbitration.

4. The result here will necessarily delay the ultimate resolution of this matter. We are unable to address the merits of Judge Manfredi's decision to compel arbitration however, as that issue is not properly before us. Appellants' argument is that Judge Herron committed a procedural misstep, and that is

Order vacated. Motion to quash denied. Case remanded. Jurisdiction relinquished.

FORD ELLIOTT, P.J.E. files a Dissenting Statement.

DISSENTING STATEMENT BY FORD ELLIOTT, P.J.E.:

I respectfully dissent and would instead address Judge Herron's order in this matter as to whether it violates the coordinate jurisdiction rule. I agree that appellee's issue regarding error in Judge Manfredi's order may be subject to appellate review under the terms of the arbitration statute. However, this does not preclude Judge Herron from acting under the limited exception to the coordinate jurisdiction rule if he determines that Judge Manfredi's order is clearly erroneous and would result in a manifest injustice if allowed to stand. As set forth in our supreme court's decision in *Zane v. Friends Hosp.*, 575 Pa. 236, 836 A.2d 25 (2003):

> This general prohibition against revisiting the prior holding of a judge of coordinate jurisdiction, however, is not absolute. Departure from the rule is allowed in "exceptional circumstances" when there has been a change in the controlling law or where there was a substantial change in the facts or evidence. Of import for this appeal, an exception is permitted where "the prior holding was clearly erroneous and would create a manifest injustice if followed." The purpose for this limited exception is largely self-evident. To accede to a coordinate judge's order that is clearly erroneous would be not only to permit an inequity to work on the party subject to the order, but would allow an action to proceed in the face of almost certain reversal on ap-

pellate review. Moreover, the requirement that the prior holding also create a manifest injustice serves as a significant curb on the exception so that it would apply to only those situations in which adhering to the prior holding would be, in essence, plainly intolerable.

*Id.* at 243–244, 836 A.2d at 29–30, quoting *Commonwealth v. Starr,* 541 Pa. 564, 575–576, 664 A.2d 1326, 1332 (1995).

Following a hearing in this case, Judge Herron determined that as a matter of fact and law, there is no enforceable arbitration agreement. Clearly, the evidence presented before Judge Herron on the motion to vacate and not considered by Judge Manfredi represented a substantial change in the evidence. Judge Herron determined that this rendered Judge Manfredi's order, compelling arbitration without any fact-finding on this disputed issue, to be clearly erroneous.

Judge Herron also determined that Judge Manfredi's order created a manifest injustice in that appellee is now in his eighties and deprived of his right to pursue a claim in court for over two years based on an erroneous ruling. Such matters as additional expense, substantial delay and waste of court resources have been held to constitute manifest injustice by this court. *Jones v. Rivera,* 866 A.2d 1148, 1151–1152 (Pa.Super.2005); *DiGregorio v. Keystone Health Plan East,* 840 A.2d 361, 371–372 (Pa.Super.2003) (*en banc*).

In Footnote 2 on page 8 of its decision, the Majority states that the coordinate jurisdiction rule is effectively incorporated in § 7314(a)(1)(v). If this be the case, then so are the exceptions. As a matter of process, I believe that a judge is always

the argument we have addressed. Remand is necessary to give the parties the opportunity to brief and argue the merits of Judge Man-

fredi's decision under § 7304 in an appeal from an order confirming the arbitration award.

empowered to act within his or her authority to determine that in the interests of justice a clearly erroneous ruling in the same matter by another judge of coordinate jurisdiction must be subject to correction to avoid a manifest injustice. While an appeal may certainly be available to a party, a clearly erroneous ruling need not await such review and its attendant burden on the affected party.

For all of these reasons, I believe Judge Herron was within his inherent judicial authority in entering his order vacating the arbitration award.