J-A29034-17 & J-A29046-17

2018 PA Super 42

ETHAN CIVAN AND ELANA CIVAN, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellants :
:
v. :
:
WINDERMERE FARMS, INC. AND :
GAMBONE BROTHERS DEVELOPMENT :
COMPANY, :
:
Appellees : No. 1559 EDA 2017

Appeal from the Order Dated April 12, 2017
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2006-26794

ETHAN CIVAN AND ELANA CIVAN, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellants :
:
v. :
:
WINDERMERE FARMS, INC. AND :
GAMBONE BROTHERS DEVELOPMENT :
COMPANY, :
:
Appellees : No. 1560 EDA 2017

Appeal from the Order Dated April 11, 2017
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2006-26794

BEFORE:    LAZARUS, PLATT,* and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:         **FILED FEBRUARY 27, 2018**

Ethan Civan and Elana Civan (the Civans) appeal from orders entered

April 11, 2017, and April 12, 2017, wherein the trial court granted the

petition of Gambone Brothers Development Company (Gambone) to vacate

*Retired Senior Judge assigned to the Superior Court.

the arbitration award of July 29, 2008, and denied the Civans' petition to confirm the July 29, 2008 arbitration award as to Gambone. We affirm both orders.

On December 5, 2006, the Civans filed a complaint against Windermere Farms, Inc. (Windermere) and Gambone related to alleged faulty construction of a new home sold by Windermere to the Civans pursuant to an agreement of sale. Gambone is not a party to the agreement of sale, but the Civans averred that Gambone designed and constructed the home. Complaint, 12/5/2006, at ¶ 9. The counts asserted against Gambone included negligence, breach of implied warranties, fraud, conspiracy, and violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 201-1–201-9.3.

Windermere and Gambone filed joint preliminary objections to the complaint, asserting, *inter alia*, that the court must dismiss the action against Windermere with prejudice in favor of arbitration due to the existence of an agreement between the Civans and Windermere that required the Civans to submit to binding arbitration all claims related to the agreement of sale and construction of the home. Preliminary Objections, 12/22/2006, at ¶ 13.

While the preliminary objections were still pending, the Civans filed a motion seeking to compel arbitration against both Gambone and Windermere. The Civans argued that although Gambone was not a party to

the agreement of sale, it was a third-party beneficiary subject to the arbitration clause. Motion to Compel Arbitration, 2/7/2007, at 2. Windermere and Gambone did not file responses to the motion to compel arbitration.

On April 26, 2007, the trial court granted the motion to compel arbitration, stating, "the parties shall enter private arbitration in accordance with the parties' agreement." Order, 4/26/2007, at 1. The order did not specify which parties must enter arbitration.

The Civans and Windermere proceeded to arbitration, but Gambone refused to participate. Via a letter and subsequent memoranda of law, Gambone advised the arbitrators that, based upon lack of jurisdiction, Gambone objected to being included in any arbitration proceeding or award. Gambone argued it was not subject to any agreement to arbitrate with the Civans, and jurisdiction over the dispute between the Civans and Gambone was exclusive to the court of common pleas.

Nevertheless, the Civans persisted in seeking an arbitration award against Gambone. On July 29, 2008, after finding the panel had jurisdiction over Gambone, the arbitrators entered an award in favor of the Civans and against Windermere and Gambone, jointly and severally, for $142,250. Gambone timely filed a petition to vacate the arbitration award, to which the Civans responded. Because a praecipe for argument was not filed in accordance with a local rule of civil procedure, neither the petition nor the

- 3 -

response was forwarded to a judge for disposition. The case sat stagnant for eight years until a case management conference on September 28, 2016. Following the conference, the Civans filed a praecipe for argument of Gambone's petition to vacate, rendering the petition ripe for disposition. The Civans also filed a petition to confirm and enter judgment on the July 29, 2008 arbitration award. After argument regarding both petitions, the trial court entered two orders: one on April 11, 2017, granting Gambone's petition to vacate and vacating the arbitration award as to Gambone (Vacate Order), and one on April 12, 2017, denying the Civans' petition to confirm the arbitration award against Gambone (Denial of Confirmation Order). The Civans timely filed notices of appeal for each order, and the Civans and the trial court complied with Pa.R.A.P. 1925.

Before we reach the merits of these appeals, we must consider the appealability of the Vacate Order and the Denial of Confirmation Order. The Civans argue that both orders are final orders pursuant to Pa.R.A.P. 341. The Civans' Briefs[1] at 1. Windermere and Gambone, on the other hand, urge this Court to quash these appeals for lack of jurisdiction. Windermere and Gambone contend that both orders are interlocutory orders that do not

---

[1] The Civans' briefs in both appeals are identical except for the cover page.

dispose of all claims and all parties and therefore are not final appealable orders pursuant to Pa.R.A.P. 341.[2]  Brief of Windermere and Gambone at 1.

Neither party is correct.  Notwithstanding that the claims set forth in the December 5, 2006 complaint against Gambone are still pending in the court of common pleas by virtue of the vacation of the arbitration award as to Gambone, this Court has jurisdiction to hear these appeals pursuant to Pa.R.A.P. 311(a)(8) and 42 Pa.C.S. §§ 7320(a)(3) and (a)(5).  **See** Pa.R.A.P. 311(a)(8) ("An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from … [a]n order that is made final or appealable by statute … even though the order does not dispose of all claims and of all parties."); 42 Pa.C.S. § 7320(a)(3),(5) ("An appeal may be taken from … [a] court order confirming or denying confirmation of an award … [or a] court order vacating an award without directing a rehearing.").

Thus, we turn our attention to the merits.  The Civans ask this Court to resolve the following questions.

(1)  Did the [trial] court, in vacating the arbitration award against Gambone, exceed the scope of review applicable to common law arbitration awards?

(2)  Did the [trial] court err in finding that [Gambone] presented clear evidence that Gambone was denied a hearing or that fraud, misconduct, corruption[,] or other irregularity caused the rendition of an unjust, inequitable or

_____

[2] Windermere and Gambone did not file a brief in No. 1560 EDA 2017, but argued in its brief submitted in No. 1559 EDA 2017 that neither the Vacate Order nor the Denial of Confirmation Order was final.

> unconscionable award, the burden of proof required by 42 Pa. C.S.[] § 7341[?]

(3)     Did the [trial] court err in denying [the Civans'] petition to confirm the common law arbitration award?

The Civans' Briefs at 6 (suggested answers and unnecessary articles, quotation marks, and party designations omitted).

We will address the Civans' first two issues together. Generally, we use the following standard to review a trial court's ruling on a petition to vacate a common law arbitration award.

> Judicial review of a common law arbitration award is severely limited as otherwise arbitration would be an unnecessary stage of litigation, causing only delay and expense without settling the dispute. The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to a reversal for a mistake of either. Neither we nor the trial court may retry the issues addressed in arbitration or review the tribunal's disposition of the merits of the case. Rather, we must confine our review to whether the appellant was deprived of a hearing or whether fraud, misconduct, corruption or other irregularity tainted the award. The appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence. In this context, irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself.

*U.S. Spaces, Inc. v. Berkshire Hathaway Home Servs., Fox & Roach*, 165 A.3d 931, 934 (Pa. Super. 2017) (internal citations omitted).

This standard is derived in part from the Uniform Arbitration Act (the Act), which provides:

> [t]he award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly

- 6 -

shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S. § 7341.

Here, the Civans and Windermere are parties to an agreement of sale, whereby the Civans, the "Buyer," agreed to purchase a lot and a new home to be constructed by Windermere, the "Seller." Agreement of Sale, 12/30/1999, at 1. The Agreement of Sale contains an arbitration clause in paragraph 23, providing that

> [a]ny and all disputes arising out of or relating to the sale of the premises or construction of a house thereon or otherwise arising out of this Agreement shall be decided by binding arbitration as the exclusive forum for determination pursuant to Subchapter B of the Pennsylvania Uniform Arbitration Act (42 Pa. Cons. Stat. Ann. §73.41 *et seq.*) being common law arbitration. The dispute shall be determined by a panel of three arbitrators: one selected and paid for by the Seller; one selected and paid for by the Buyer: and the third selected by the Seller's and the Buyer's arbitrators and the cost split equally by the parties. A majority decision of the arbitrators shall be controlling. … This paragraph shall survive settlement.

*Id.* at 3.

The Civans acknowledge that Gambone is not a party to the Agreement of Sale. The Civans' Briefs at 8. Nonetheless, the Civans argue that the trial court's April 26, 2007 order subjected Gambone to the jurisdiction of the arbitration panel. *Id.* at 14. Even if it did not, based upon the trial court's narrow standard of review, the Civans argue that since the arbitration panel ruled that it had jurisdiction over Gambone, the trial court did not have the authority to substitute its judgment to the contrary.

*Id.* at 15. Finally, the Civans argue that Gambone failed to demonstrate that "fraud, misconduct, corruption, or other irregularity caused the rendition of an unjust, inequitable or unconscionable arbitration award," and stress that Gambone had the opportunity to participate in the arbitration hearing, but declined to do so. *Id.* at 18-19.

The April 26, 2007 order, which granted the Civans' motion to compel arbitration, stated, "the **parties** shall enter private arbitration in accordance with the **parties'** agreement." Order, 4/26/2007, at 1 (emphasis added). In its Pa.R.A.P. 1925(a) opinion, the trial court offered the following analysis: "[l]ogic and grammar dictate that 'the parties' refers to the same individuals or entities in both instances. Therefore, the order applied only to those individuals or entities entering into the agreement. This is consistent with the general rule that 'only parties to an arbitration agreement are subject to arbitration.'" Trial Court Opinion, 7/20/2017, at 11 (citing *Elwyn v. DeLuca*, 48 A.3d 457, 461 (Pa. Super. 2012)).

We agree with the trial court that the April 26, 2007 order does not clearly mandate that Gambone, a non-party to the Agreement of Sale, submit to arbitration. A court has the power to order the parties to proceed with arbitration upon an application to compel arbitration. 42 Pa.C.S. §§ 7304, 7342(a). However, in order to obtain an order to compel arbitration, the moving party must show the existence of a valid written agreement to arbitrate. 42 Pa.C.S. §§ 7303, 7304, 7342(a).

Arbitration is a matter of contract, and parties to a contract cannot be compelled to arbitrate a given issue absent an agreement between them to arbitrate that issue. Even though it is now the policy of the law to favor settlement of disputes by arbitration and to promote the swift and orderly disposition of claims, arbitration agreements are to be strictly construed and such agreements should not be extended by implication. In general, only parties to an arbitration agreement are subject to arbitration. However, a nonparty, such as a third-party beneficiary, may fall within the scope of an arbitration agreement if that is the parties' intent.[3]

***Pisano v. Extendicare Homes, Inc.***, 77 A.3d 651, 661 (Pa. Super. 2013) (citing ***Elwyn***, 48 A.3d at 461, and ***Schoellhammer's Hatboro Manor, Inc. v. Local Joint Executive Board of Philadelphia***, 231 A.2d 160, 164 (Pa. 1967) (declining to compel non-signatory of agreement to submit to arbitration because "arbitration, a matter of contract, should not be compelled of a party unless such party, by contract, has agreed to such arbitration")).

---

[3] In its motion to compel arbitration, the Civans contended that Gambone was subject to the arbitration clause because it was a third-party beneficiary to the Agreement of Sale. Motion to Compel Arbitration, 3/23/2007, at 2. On appeal, the Civans baldly state that because Gambone marketed itself as the builder, constructed the home as the general contractor, accepted payments for optional modifications to the home, and generally directed all matters pertinent to the sale transaction, "it was appropriate for Gambone to be subject to the arbitration clause." The Civans' Briefs at 8. Other than citing to addenda to the Agreement of Sale wherein the Civans indicated that they would issue a payment to Gambone for optional modifications to the house, the Civans neither point to places in the record nor legal authority supporting these contentions. Therefore, the Civans, by failing to develop the claim in their briefs, have waived any contention that Gambone, a non-signatory, is bound by the Agreement of Sale as a third-party beneficiary or through some other legal theory. ***See Brown v. Greyhound Lines, Inc.***, 142 A.3d 1, 13 (Pa. Super. 2016) (stating that failure to develop an argument waives issue).

While Gambone is a party to the Civans' lawsuit, the Agreement of Sale does not name Gambone as a party. **See** Agreement of Sale, 12/30/1999, at 1. There is no question that the April 26, 2007 order to arbitrate applied to Windermere – a party to the lawsuit and a party to the Agreement of Sale – but because Gambone is not a party to the Agreement of Sale, the Civans fail to convince us that the order to compel arbitration applied to Gambone.

Turning next to the Civans' argument that the trial court impermissibly substituted its judgment for that of the arbitration panel regarding whether the panel had jurisdiction over Gambone, we observe that it is well settled that arbitrators do not have the power to decide jurisdictional issues such as whether a party has agreed to arbitrate a dispute. "Our decisional law has made clear that the issue of whether a party agreed to arbitrate a dispute is a threshold, jurisdictional question that must be decided by the court." **Pisano**, 77 A.3d at 654 (internal citations omitted). **See also Flightways Corp. v. Keystone Helicopter Corp.**, 331 A.2d 184, 185 (Pa. 1975) (holding that "whether an agreement to arbitrate was entered into" is a question for the court); **Ross Dev. Co. v. Advanced Bldg. Dev., Inc.**, 803 A.2d 194, 199 (Pa. Super. 2002) (holding that courts, not arbitrators, must decide questions of substantive arbitrability such as whether there is a valid agreement to arbitrate and whether disputed claim is within scope of agreement); **Smith v. Cumberland Group, Ltd.**, 687

A.2d 1167, 1171 (Pa. Super. 1997) ("Arbitration is a matter of contract and, as such, it is for the court to determine whether an express agreement between the parties to arbitrate [exists].").

Most cases addressing jurisdictional disputes arise prior to arbitration, such as in the context of a motion to stay or petition to enjoin arbitration. While petitioning the trial court to enjoin the arbitration is the preferred procedure, this Court has entertained a jurisdictionally-based challenge to an award after its entry, holding that a petition to enjoin is not the exclusive method whereby a party may attack an arbitrator's jurisdiction. *Gaslin, Inc. v. L.G.C. Exports, Inc.*, 482 A.2d 1117, 1122-23 (Pa. Super. 1984), *superseded by statute on other grounds as stated in Beriker v. Permagrain Products, Inc.*, 500 A.2d 178 (Pa. Super. 1985).

In *Gaslin*, appellees purchased an exclusive license to operate a restaurant through a franchise agreement containing an arbitration clause. *Id.* at 1119. Jorge Figueroa signed the franchise agreement on behalf of one of the licensors. *Id.* A dispute arose stemming from the franchise agreement, and one of the licensees filed a demand for arbitration. *Id.* Figueroa objected to the jurisdiction of the arbitrators, alleging that he was not a party to the franchise agreement in his individual capacity, and did not participate in the arbitration. *Id.* The arbitrator entered an award against Figueroa and the licensors, and the licensee subsequently filed a motion to confirm the award. *Id.* Figueroa filed an answer opposing the motion to

- 11 -

confirm, again asserting that he was not a party to the franchise agreement. *Id.* The trial court confirmed the award, and Figueroa appealed. *Id.*

In its review of the order confirming the award against Figueroa, this Court noted that Figueroa did not participate in the arbitration hearing and objected to the lack of jurisdiction at every stage of the proceeding.[4] *Id.* at 1123 n.7. After deciding that common-law arbitration principles governed the case, this Court stated, "although the arbitrator is the final judge of law and fact, his power has not been extended to the degree that he may determine his own jurisdiction, that is, whether the arbitration tribunal has the requisite power to hear the particular case brought before it." *Id.* at 1121. The Court acknowledged that ordinarily a court may set aside an award only upon a showing of denial of a hearing or fraud, misconduct, corruption, or similar irregularity leading to an unjust, inequitable, or unconscionable award. *Id.* at 1124 n. 8. Nevertheless, the Court concluded that

> the central inquiry is not whether the award was just, but whether Figueroa was bound to arbitrate this dispute in the first place. If Figueroa was not a party to the franchise agreement

---

[4] In ***Beriker***, this Court noted that subsequent to its decision in ***Gaslin***, the legislature amended the Act to require courts to confirm arbitration awards upon application of either party if thirty days have passed without either party taking action to modify or vacate the award. ***Beriker***, 500 A.2d at 179 (citing 42 Pa.C.S. § 7342(b)). After the amendment, to lodge an objection to an award, parties must file a petition to vacate instead of simply opposing a motion to confirm as the appellant did in ***Gaslin***. *Id.* In the instant case, Gambone notified the arbitrators of its objection, did not participate in the arbitration, and timely filed a petition to vacate.

that contained the arbitration provision, then he did not consent to arbitrate this dispute and the award against him was improper.

*Id.* Accordingly, the Court reversed the judgment, vacated the order confirming the award as to Figueroa, and remanded to the trial court so that the court could hold an evidentiary hearing to determine whether Figueroa signed the franchise agreement in his individual capacity. *Id.* at 1124.

After *Gaslin*, this Court has examined whether a trial court possessed the authority to vacate an arbitration award based on its conclusion that an agreement to arbitrate did not exist on two occasions. *See Schwartz v. Wells Fargo Advisors, LLC*, 58 A.3d 1270 (Pa. Super. 2012); *Gwin Engineers, Inc. v. Cricket Club Estates Dev. Group*, 555 A.2d 1328 (Pa. Super. 1989).

In *Schwartz*, the appellant filed a civil complaint against a financial firm and his former financial advisor. *Schwartz*, 58 A.3d at 1270. The firm and advisor filed a petition to compel arbitration pursuant to subsection 7304(a) of the Act, which Schwartz opposed, contending that he could not be compelled to arbitrate because no agreement to arbitrate between the parties existed. *Id.* at 1272. The trial court granted the motion to compel and Schwartz did not appeal. *Id.* After receiving a nominal award through arbitration, Schwartz filed a petition to vacate the award, which the trial court granted. *Id.*

On appeal, this Court held that section 7314 of the Act expressly forbids courts from vacating awards based upon the lack of an agreement to arbitrate if a court had determined previously pursuant to section 7304 that an agreement exists.[5] *Id.* at 1274. No such prior determination exists here. In *dictum* in a footnote, the Court observed that the parties disputed whether the underlying procedure was a statutory arbitration subject to subchapter A of the Act or a common law arbitration subject to subchapter B of the Act. *Id.* at 1275 n.3. The Court explained that it analyzed the appeal as if the proceedings were subject to section 7314, which is applicable only to statutory arbitration, because the trial court based its order on that section. *Id.* After noting the narrow standard for vacating a common law arbitration award pursuant to section 7341, and without analyzing any authority other than that section's language, the Court stated, "[s]ince the

---

[5] Section 7314 states in relevant part that a court shall vacate an award if

> there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing….

42 Pa.C.S. § 7314(a)(1)(v). Section 7314 applies to statutory arbitrations only, not to common law arbitrations like the arbitration at issue here. 42 Pa.C.S. § 7342(a). As explained *supra*, in general, section 7341 applies to petitions to vacate a common law arbitration award. 42 Pa.C.S. § 7341 ("The award of an arbitrator … is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.").

absence of an agreement to arbitrate is not a basis for vacating an award under [section] 7341, the disposition of this appeal would be the same regardless of whether the parties engaged in statutory or common law arbitration." *Id.* However, because *Schwartz* is contrary to *Gaslin*, which has never been overruled, relating to a party's general ability to challenge an award on jurisdictional grounds after its entry, we decline to find the *dictum* in *Schwartz* to be controlling in this matter.

In *Gwin*, this Court was asked to review an order confirming an arbitration award after an individual declined to participate and objected to the arbitration, contending that he was not a party to the arbitration agreement in his individual capacity and had disassociated from the partnership subject to the agreement. *Gwin*, 555 A.2d at 1330. Without addressing *Gaslin*, the Court determined that it would be improper to reach the appellant's arguments because his claim did not fall into any of the statutory grounds for vacating or modifying the award. *Id.* at 1330. The Court stated that the appellant should have brought his claim to the attention of the arbitrator because the claim "would be appropriate for the arbitrator's resolution but it is not a claim upon which we can grant review." *Id.*

Not only did the Court fail to cite to authority to support this statement, the statement is contrary to a long line of cases holding that the determination of whether there is a valid agreement to arbitrate is for the

- 15 -

courts, not the arbitrator. *Flightways Corp.*, 331 A.2d at 185; *Smith,* 687 A.2d at 1171; *Ross Dev. Co.*, 803 A.2d at 199; *Pisano*, 77 A.3d at 654. Furthermore, without legally relevant distinctions of fact or intervening authority by our Supreme Court calling into question a previous decision of this Court, it was beyond the power of the Court in *Gwin* to overrule *Gaslin*, *a fortiori* to do it *sub silentio*. *See Commonwealth v. Hull*, 705 A.2d 911, 912 (Pa. Super. 1998) (holding prior decisions of the Superior Court are binding precedent on a subsequent three-judge panel of this Court).

Neither this Court nor our Supreme Court has addressed directly the tension between the holdings in *Gaslin* and *Gwin*. The cases citing *Gwin* do not rely upon it for its specific holding that the validity of an agreement is an issue for the arbitrator and that the limited standard of review in section 7341 prohibits a court from reviewing a challenge to an award based upon the lack of a valid agreement. Furthermore, this Court cited *Gaslin* approvingly shortly after its decision in *Gwin* in a case holding that a trial court erred in confirming an arbitration award because the arbitrators exceeded the power and authority given to them. *Shapiro v. Keystone*, 558 A.2d 891 (Pa. Super. 1989).

In *Shapiro*, an insured filed a petition to compel arbitration in Philadelphia County. *Id.* at 892. After the petition was granted, the insurance company filed a petition for reconsideration and a petition to stay the arbitration, arguing that the parties had agreed by their contract to

arbitrate in Camden County, New Jersey. *Id.* The trial court denied both petitions, and arbitration commenced. *Id.* The insurance company did not participate in the arbitration except to object to holding the arbitration anywhere besides Camden County. *Id.* at 893. The arbitrators issued an award in the insured's favor. The insured filed a petition to confirm, which was granted, and the insurance company filed a petition to vacate, which was denied. *Id.*

On appeal, this Court summarized the narrow standard of review applicable to common-law arbitration awards, but also stated the following:

> An arbitration award can be challenged if the arbitrators, in conducting hearings and making an award, exceed the power and authority given to them. This power and authority of the arbitrators is wholly dependent upon the terms of the agreement of the parties, who may place restrictions on their submission to arbitration. The arbitrators cannot validly determine a dispute if they violate or act inconsistently with the terms of the submission. ***Sley System Garages v. Transport Workers Union of America, AFL-CIO, Local 700***, [] 178 A.2d 560, 561 ([Pa.] 1962); ***Giant Markets, Inc. v. Sigma Marketing Systems, Inc.***, [] 459 A.2d 765, 768 ([Pa. Super.] 1983). ***See also*** [ *Gaslin*, 482 A.2d at 1121] ("although the arbitrator is the final judge of law and fact, his power has not been extended to the degree that he may determine his own jurisdiction, that is, whether the arbitration tribunal has the requisite power to hear the particular case brought before it.").

*Id.* at 893-94. The Court concluded that "[t]he court could enforce arbitration … only in accordance with the terms of the parties' agreement." *Id.* Therefore, the Court held that the trial court erred by confirming the award and declining to enforce the parties' agreement. *Id.*

*Gaslin* is also in accord with settled law that only "parties of equal bargaining power [who] **consent in an agreement** to settle all future disputes as to its interpretation by utilizing common law arbitration … []are bound by that provision, and the function of the courts is limited to enforcing this contractual provision according to its terms as established by the parties."[6] *Fastuca v. L.W. Molnar & Assocs.*, 10 A.3d 1230, 1245 (Pa. 2011) (emphasis added). Indeed, subchapter B of the Act relating to common law arbitration applies specifically to "agreement[s] to arbitrate a controversy on a nonjudicial basis." 42 Pa.C.S. § 7302(a).

In other words, in order to invoke the limited judicial standard of review of an arbitration award, the parties have to agree to arbitrate the

---

[6] Although it is not controlling authority, we also find the rationale used in *Bank One Delaware N.A. v. Mitchell*, 70 Pa. D. & C. 4th 353 (Pa. Com. Pl. (Allegheny County) 2005), *aff'd* 897 A.2d 512 (Pa. Super. 2006) (*per curiam*), to be persuasive. In *Bank One*, the Honorable R. Stanton Wettick, Jr. declined to confirm an arbitration award and enter judgment in favor of a credit card company and against a cardholder who had not participated in the proceedings despite notice to the cardholder. Citing the cases establishing that an arbitrator does not have authority to decide questions of jurisdiction, including *Gaslin*, Judge Wettick determined that the cardholder was not required to arbitrate the credit card company's claim until the company established in court that its claim was governed by a valid agreement to arbitrate pursuant to section 7304. *Id.* at 360-61. Otherwise, by seeking to obtain a judgment through a motion to confirm an award against a party who did not participate in the arbitration proceedings, the credit card company "is attempting to create … another method for obtaining default judgments that does not provide the same safeguards as those provided by the Pennsylvania Rules of Civil Procedure...." *Id.* at 363. In short, Judge Wettick determined that arbitration cannot be "a method for obtaining a judgment against a party who was never ordered to arbitrate and who did not participate in the arbitration proceedings." *Id.* at 368.

dispute in the first place. Therefore, we hold that the narrow standard of review derived from section 7341 is not applicable when reviewing a petition to vacate based upon a claim that the parties do not have a valid agreement to arbitrate.

Turning to the instant case, as discussed *supra*, Gambone is not a party to the Agreement of Sale. Therefore, Gambone never agreed to arbitrate disputes arising out of the Agreement of Sale. As also discussed *supra*, the Civans failed to obtain an order compelling Gambone to arbitrate pursuant to subsection 7304(a). Gambone notified the arbitrators of its objections and declined to participate in the arbitration proceeding based on its contention that the arbitration panel lacked jurisdiction. Therefore, because Gambone is not a party to the Agreement and there was no court order specifically mandating Gambone's submission to arbitration, the arbitration panel exceeded its power by determining that the panel had jurisdiction over Gambone. Further, because there is no valid agreement to arbitrate between Gambone and the Civans, the trial court did not err by vacating the arbitration award against Gambone.

Nor did the trial court err by refusing to confirm the award against Gambone. The Civans argue that because more than thirty days have passed, the trial court was required to confirm the award pursuant to 42 Pa.C.S. § 7342(b). The Civans' Brief at 20. Section 7342 states in pertinent part:

> (b) Confirmation and Judgment. On application of a party made more than thirty (30) days after an award is made by an arbitration under Section 7341 (relating to common law arbitration), the Court shall enter the award confirming the award and shall enter a judgment or decree in conformity with the order….

42 Pa.C.S. § 7342(b).

We have consistently interpreted this language to mean that the trial court is required to confirm the award unless the other party has filed a petition to vacate or modify the award within 30 days of the date of the award. *Lowther v. Roxborough Mem'l Hosp.*, 738 A.2d 480 (Pa. Super. 1999); *Beriker*, 500 A.2d at 179. Here, Gambone filed a petition to vacate the award within thirty days of the date of the award. For the reasons stated *supra*, the trial court properly vacated the award. Therefore, the court was not required to confirm the award in accordance with subsection 7342(b).

Accordingly, we affirm the trial court's April 11, 2017 and April 12, 2017 orders.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>2/27/18</u>