J-A02036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| YURKANIN & ZABRISKI, PC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GABRIELA M. YURKANIN, DPM, PC AND SURGICAL CONSULTING OF NEPA, LLC  AND SLATE RIVER REALTY, LLC | : | No. 1145 MDA 2023 |
| | : | |
| APPEAL OF:  GABRIELA M. YURKANIN, DPM, PC | : | |

Appeal from the Order Entered July 6, 2023
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  2023-04018

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: MARCH 20, 2024**

Gabriela M. Yurkanin, DPM, P.C. ("Yurkanin, P.C."), Surgical Consulting of NEPA, LLC ("Surgical Consulting"), and Slate River Realty, LCC ("Slate River") (collectively, "Yurkanin, Surgical Consulting, and Slate River") appeal from the order denying their preliminary objection seeking to compel arbitration with Yurkanin & Zabriski, P.C. ("Yurkanin and Zabriski").[1]  We affirm.

---

[1] An order denying a preliminary objection that seeks to compel arbitration is immediately appealable as of right.  **See** 42 Pa.C.S.A. § 7320(a)(1); Pa.R.A.P. 311(a)(8).

In January 2020, Yurkanin & Zabriski, a certified public accounting firm, sent Dr. Gabriela Yurkanin, P.C., a podiatric foot and ankle surgery practice, a seven-page letter agreement ("the agreement") offering accounting services to Yurkanin, P.C. Yurkanin & Zabriski signed the agreement and included a signature line for Yurkanin, P.C., which Dr. Gabriela Yurkanin, P.C. signed. The agreement included a clause mandating AAA arbitration of any dispute concerning fees of more than $3,000 ("the arbitration clause").[2]

In April 2023, Yurkanin & Zabriski sued Yurkanin, Surgical Consulting, and Slate River asserting they provided accounting services to all three entities beginning in 2018, and each party individually owed them in excess of $50,000. **See** Complaint, 4/12/23, at 7-16.[3]

_____

[2] In relevant part, the arbitration clause provides:

> Client and we both agree that any dispute over fees charged by us to Client where the unpaid balance is in excess of $3,000 will be submitted for resolution by binding arbitration in accordance with the Rule of Professional Accounting and Related Services Disputes of such an association such as the American Arbitration ("AAA"), and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. IN AGREEING TO ARBITRATION, WE BOTH ACKNOWLEDGE THAT IN THE EVENT OF A DISPUTE OVER FEES CHARGED BY US, EACH OF US IS GIVING UP THE RIGHT TO HAVE THE DISPUTE DECIDED IN A COURT OF LAW BEFORE A JUDGE OR JURY AND INSTEAD WE ARE ACCEPTING THE USE OF ARBITRATION FOR RESOLUTION.

**See** Agreement, 1/9/20, at 6.

[3] The complaint did not allege any contractual connection between Yurkanin, P.C., Surgical Consulting, and Slate River other than that Yurkanin, P.C.
*(Footnote Continued Next Page)*

Yurkanin, P.C., Surgical Consulting, and Slate River filed a single preliminary objection in response to the complaint: a petition to compel arbitration pursuant to Pa.R.Civ.P. 1028(a)(6).[4] They assert the agreement between Dr. Gabriela Yurkanin, P.C. and Yurkanin and Zabriski bound all parties, not only Dr. Gabriela Yurkanin, P.C., the signatory to the agreement, and the dispute was within the scope of the arbitration agreement. The court dismissed the preliminary objection. Yurkanin, P.C., Surgical Consulting, and Slate River timely appealed. Yurkanin, P.C., Surgical Consulting, Slate River and the trial court complied with Pa.R.A.P. 1925.

Yurkanin, P.C., Surgical Consulting, and Slate River submit the following issues for this Court's review:

> 1. Whether the trial court abused its discretion in overruling preliminary objections in the nature of a petition to compel arbitration since substantial evidence existed between the parties and the dispute was within the scope of that agreement?
>
> 2. Whether the trial court abused its discretion in overruling the petition to compel arbitration when the substantial evidence showed that [Yurkanin, P.C.] was party to an agreement clause and the dispute was within the scope of the arbitration clause even if the [Yurkanin, P.C., Surgical Consulting, and Slate River] were not?

---

allegedly requested all work for Yurkanin, P.C., Surgical Consulting, and Slate River be billed under one account and addressed to her. *See* Complaint, 4/12/23, at 4. This Court can only assess the information the parties present to it. If there is some other connection among Yurkanin, P.C., Surgical Consulting, and Slate River, the parties have not apprised the Court of it.

[4] Pa.R.Civ.P. 1028(a)(6) permits the filing of preliminary objections on the grounds of "an agreement for alternative dispute resolution."

Yurkanin, Surgical Consulting, and Slate River's Brief at 2.

Yurkanin, P.C., Surgical Consulting, and Slate River's first issue implicates the enforceability of an arbitration agreement.

To determine whether a trial court improperly denied a petition to compel arbitration, this Court assesses whether substantial evidence supports the trial court's findings and the court abused its discretion in denying the petition. *See Carvell v. Edward D. Jones & Co., L.P.*, 294 A.3d 1221, 1230 (Pa. Super. 2023) (citations omitted). In so doing,

> we employ a two-part test to determine whether the trial court should have compelled arbitration. First, we examine whether a valid agreement to arbitrate exists. Second, we must determine whether the dispute is within the scope of the agreement.
>
> * * * * *
>
> Whether a claim is within the scope of an arbitration agreement is a matter of contract, and as with all questions of law, our review of the trial court's conclusion is plenary.

*Id*. Whether a party has agreed to arbitrate a dispute is a threshold jurisdictional issue for a trial court's determination. *See Civan v. Windermere Farms, Inc.*, 180 A.3d 489, 495 (Pa. Super. 2018) (citations omitted).

Generally, only parties to an arbitration agreement are subject to arbitration. *See Elwyn v. DeLuca*, 48 A.3d 457, 461 (Pa. Super. 2012) (citations omitted). A non-party may fall within the scope of an arbitration agreement only if that is the parties' intent. *See Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266, 1271 (Pa. Supr. 2004). The scope of an arbitration

agreement is governed by the intention of the parties as determined by the rules of construction of contracts. **See Doe v. Cheesecake Factory**, 300 A.3d 1070, 1074 (Pa. Super. 2023) (citation omitted). Although the law favors arbitration to promote the quick, orderly resolution of claims, arbitration clauses are strictly construed. **See id**; **see also McCrossin v. Comcast Spectacor**, --- A.3d ---, ---, 2024 WL 439416 at \*5 (Pa. Super., filed 2/6/24) (stating that arbitration agreements must not be extended by implication).[5]

Yurkanin, P.C., Surgical Consulting, and Slate River assert Dr. Gabriela Yurkanin, P.C. entered an agreement on behalf of all of them that included a binding arbitration clause for fee disputes greater than $3,000, the amount in dispute exceeds that amount, and the dispute is within the scope of the agreement.

The trial court found the evidence established a valid agreement containing an arbitration provision, but the dispute was *not* within the scope of the agreement because the debt related to services provided to *three* entities, and only Yurkanin, P.C., not Surgical Consulting or Slate River, was a party to the agreement. **See** Trial Court Opinion, 9/28/23, at 4.

---

[5] Non-parties such as affiliates or agents of a party to the contract, that have an obvious and close nexus to the contract or contracting parties can enforce an arbitration agreement. **McCrossin v. Comcast Spectacor**, --- A.3d ---, ---, 2024 WL 439416 at \*5 (Pa. Super., filed 2/6/24). Yurkanin, P.C., Surgical Consulting, and Slate River do not assert the applicability of this exception to the governing the interpretation of arbitration clauses. Thus, we will not evaluate it.

We agree with the trial court's assessment. Yurkanin & Zabriski, P.C. and Dr. Gabriela Yurkanin, P.C. are the only parties named in the agreement containing the arbitration clause. Surgical Consulting, and Slate River failed to establish their right to compel arbitration as non-parties to the agreement. *See DeLuca*, 48 A.3d at 461.

In their second issue, Yurkanin, P.C., Surgical Consulting, and Slate River assert Yurkanin and Zabriski acknowledged the agreement was struck with Yurkanin, Surgical Consulting, and Slate River. *See* Yurkanin, Surgical Consulting, and Slate River's Brief at 13, citing Yurkanin & Zabriski, P.C.'s Brief in Opposition to Yurkanin, P.C., Surgical Consulting, and Slate River's Preliminary Objections at 4.[6] Alternatively, Yurkanin, P.C., Surgical Consulting, and Slate River claim because Dr. Gabriela Yurkanin, P.C. was billed for work done for all three, all three parties were thus intended parties to the agreement. *See* Yurkanin, P.C., Surgical Consulting, and Slate River's Brief at 12-14. They claim the court exceeded its authority by declining to compel arbitration because it was the arbitrator's task, not the court's, to determine what part of the debt and what services are attributable to Yurkanin, P.C. *See id*. at 15. Yurkanin, P.C., Surgical Consulting, and Slate

---

[6] In that document, Yurkanin & Zabriski stated the agreement "contains an arbitration clause, meaning disposal of [Yurkanin, Surgical Consulting, and Slate River's] motion rests wholly upon analysis [whether the dispute was in the scope of the arbitration agreement]." *See* Brief in Opposition to Yurkanin, Surgical Consulting, and Slate River's Preliminary Objections at 4.

River also argue that the agreement is not limited to fees that arose after the agreement was reached because the agreement has no such limiting language. *See id*. at 17-18.

The trial court found insufficient basis to compel arbitration because: 1) only Dr. Gabriela Yurkanin, P.C., not Yurkanin, P.C., Surgical Consulting, and Slate River, was a party to the arbitration agreement; 2) it is uncertain what portion of the unpaid services were attributable to Yurkanin, P.C. as opposed to Surgical Consulting and Slate River; and 3) it is uncertain what portion of the debt arose before the execution of the agreement. *See* Trial Court Opinion, 9/28/23, at 4.

We find no legal error in the trial court's ruling denying arbitration although we do so on different grounds than those the trial court cited.[7] Although a third party may fall within the scope of the parties' arbitration agreement if that is their intent, this agreement reflects no such intent and in fact reflected the contrary: it is only intended to encompass Yurkanin, not Yurkanin, P.C., Surgical Consulting, and Slate River. The agreement defines Yurkanin, P.C. as "Client." *See* Agreement, 1/9/20, at 6. The agreement refers to "your company" without any reference to Surgical Consulting or Slate

---

[7] An appellate court will affirm the trial court's decision where any valid reason for doing so appears in the record. *See Coker v. S.M. Flickinger Co., Inc.*, 625 A.2d 1181, 1187 (Pa. 1993); *see also Generation Mortg. Co. v. Nguyen*, 138 A.3d 646, 651 n. 4 (Pa. Super. 2016) (stating this Court is not constrained to affirm on the grounds relied upon by the trial court).

- 7 -

River, and asserts that it will prepare state and federal tax returns for Yurkanin, P.C. *See id*. at 1. The agreement limits Yurkanin and Zabriski's responsibilities to preparing only the returns listed above, *i.e.*, those for Yurkanin P.C. *See id*. at 3. The agreement provides a signature line for Yurkanin, P.C. herself. *See id*. at 7. Finally, the agreement and the arbitration clause contemplate and discuss the provision of services for the "client", Dr. Gabriela Yurkanin, P.C. *See* Agreement, 1/9/20, at 1, 6, 7.[8] Neither the agreement nor the arbitration clause manifest the parties' intent to include Surgical Consulting and/or Slate River. Assessed under the rules governing the construction of contracts, the agreement provides no basis to conclude the parties intended any party other than Dr. Gabriela Yurkanin P.C., to come within the scope of the agreement. *See Doe*, 300 A.3d at 1074; *Smay*, 864 A.2d at 1271.[9]

Yurkanin, P.C., Surgical Consulting, and Slate River provide no authority for the proposition that Yurkanin & Zabriski's statement in a court filing constituted an implicit assertion that the parties intended Surgical Consulting, and Slate River to be part of the agreement, including the arbitration clause.

---

[8] The agreement repeatedly states that it covers services provided to Dr. Gabriela Yurkanin, P.C., *see* Agreement at 1, 2, 6, and refers to "Client" in the singular. *See id*. at 6.

[9] Further, an arbitrator is not authorized to resolve disputes as to interpretation and procedure unless all the parties agreed to arbitration. *See Doe*, 300 A.3d 1074.

Because arbitration clauses are strictly construed, and the plain language of the applicable agreement and arbitration clause only name Dr. Gabriela Yurkanin, P.C. and there is no indication in the agreement that the parties intended to include additional parties, the trial court properly denied Yurkanin, P.C., Surgical Consulting, and Slate River's collective arbitration demand.[10]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/20/2024

---

[10] Yurkanin, P.C., Surgical Consulting, and Slate River's assertion that Dr. Gabriela Yurkanin, P.C. was party to the arbitration agreement and the subject matter of the dispute is comprehended by the agreement is irrelevant given that Surgical Consulting and Slate River are **not** parties to the agreement and has failed to show the parties intended to include them.