J-A06003-17

2017 PA Super 174

| US SPACES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| BERKSHIRE HATHAWAY HOMESERVICES, FOX & ROACH | |
| | No. 2354 EDA 2016 |

Appeal from the Order Entered July 7, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 16-0602786

BEFORE: PANELLA, J., SHOGAN, J., and RANSOM, J.

OPINION BY PANELLA, J.                    **FILED JUNE 05, 2017**

Rules 206.1 – 207.7 of the Rules of Civil Procedure govern civil petition practice in Pennsylvania. These rules provide that petition practice will proceed through the issuance, to the respondent, of a rule to show cause why the relief requested should not be granted. *See* Pa.R.C.P. 206.4. As a default, the decision to issue such a rule is discretionary with the trial court. *See id*. However, the Courts of Common Pleas are permitted to adopt a local rule that modifies the default and instead provides for issuance of the rule to show cause "as of course." Pa.R.C.P. 206.4(a)(1).

In this appeal, we are asked to determine whether a trial court can decide to refuse to issue a rule to show cause where a local rule provides for issuance "as of course." We conclude that the adoption of such a local rule

acts to constrain the discretion of the trial court in all but the most egregious cases. We therefore reverse and remand for further proceedings.

On June 24, 2016, Appellant U.S. Spaces, Inc., filed a petition to vacate an arbitration award in the Philadelphia Court of Common Pleas. In its petition, U.S. Spaces asserted that a dispute over its entitlement to realtor fees between itself and Appellee, Berkshire Hathaway Home Services, Fox & Roach, had been submitted to arbitration in accordance with the professional association that both parties are affiliated with. The arbitration panel was scheduled to hear the matter on April 25, 2016. However, the panel declined to hold a hearing due to the absence of U.S. Spaces's broker of record, who was not scheduled to be a witness at the proceeding.

Implicit in the petition's allegations is that the panel entered a final decision against U.S. Spaces. U.S. Spaces appealed the panel's decision to a procedural review tribunal pursuant to the association's arbitration rules. That tribunal affirmed the original panel's decision on June 10, 2016. U.S. Spaces subsequently requested that the Court of Common Pleas vacate the arbitration award under 42 Pa.C.S.A. 7341, common law arbitration, on the basis that it was denied a full and fair hearing of its claims.

The Court of Common Pleas reviewed U.S. Spaces's petition and did not issue a rule to show cause. Rather, it entered an order denying the petition on July 7, 2016. U.S. Spaces then filed this timely appeal.

As noted previously, Pa.R.C.P. 206.4 provides the Courts of Common Pleas two options in responding to the filing of a petition. The default option, codified in Pa.R.C.P. 206.5, provides the court discretion in whether to issue a rule to show cause when presented with a petition. The alternative, codified in Pa.R.C.P. 206.6, must be chosen by the adoption of a local rule and provides for the issuance of a rule to show cause "as of course."

> The purpose of Rules 206.5 through 206.7 is to create a record from which the court may determine disputed issues of fact raised by the petition and answer. If the answer does not raise disputed issues of fact, then the petition and answer are ready for decision by the court without the fact-finding process and new Rule 206.7(b) so states.

Pa.R.C.P. 206.4, *Comment*.

If a respondent does not file an answer to a rule to show cause, "all averments of fact in the petition may be deemed admitted[.]" Pa.R.C.P. 206.7(a). "The rule provides some flexibility by giving the court discretion to consider an answer not timely filed. If an answer is never filed, there would be little basis upon which the court might exercise its discretion and the averments of fact in the petition would be deemed admitted." Pa.R.C.P. 206.7, *Comment*. If the respondent files an answer that does not raise issues of material fact, the petitioner may request that the court decide the matter as a matter of law. ***See*** Pa.R.C.P. 206.7(b).

Where a respondent files an answer raising issues of material fact, both parties are entitled to proceed with discovery as permitted by the court.

*See* Pa.R.C.P. 206.7(c), (d). The burden, however, rests with the petitioner to establish its right to relief. *See* Pa.R.C.P. 206.7(c).

The scheme set forth by Rules 206.1 – 206.7 provides flexibility for courts to handle petitions in a manner consistent with the need for consistent docket management. In counties that do not adopt a local rule, the default provides that the court will act as a "gatekeeper," reviewing petitions for their merit. The level of proof that the rule requires to be appended to such petitions is an issue not currently before us. At the very least, however, it is clear that, under the default rule, the court has the discretion to deny the issuance of a rule to show cause on a wide variety of grounds.

In contrast, those counties that adopt a local rule providing for the issuance of a rule to show cause "as of course" do so to limit not only the time spent by the court in reviewing petitions initially, but also to limit the necessity of appending volumes of evidence to the petition. If the local rule requires the issuance of a rule to show cause "as of course," the only valid reason to deny the issuance of a rule to show cause is if the allegations in the petition, taken as true, do not provide for a legal remedy. It is left to the parties to narrow down the relevant issues at stake through the filing of the petition and any subsequent answers. A petitioner need not append any evidence to its petition, as any allegation in the petition may be admitted to by the respondent, thereby obviating the need for proof.

Here, it is undisputed that the Court of Common Pleas of Philadelphia County has adopted a local rule pursuant to Pa.R.C.P. 206.4. The local rule provides for the issuance of a rule to show cause "as of course" for any petition, as set forth in Pa.R.C.P. 206.6. **See** Phila.Civ.R. 206.4(c). The local rules also provide that a "Petition to Set Aside Arbitration Award" is a petition subject to the mandates of Pa.R.C.P. 206.1 – 206.7. **See** Phila.Civ.R. 206.1(a).

It is furthermore undisputed that Berkshire Hathaway Home Services, Fox & Roach did not file an answer in the Court of Common Pleas, as the court did not issue a rule to show cause. Thus, the only valid basis for the court's decision is that the allegations in U.S. Spaces's petition, taken as true, do not provide a legal basis for relief.

U.S. Spaces conceded in the court below that this matter was governed by the rules for common law arbitration. **See** Petitioner's Brief in Support of Petition to Vacate Arbitration Award, 6/24/16, at *3 (pages unnumbered in document). The Judicial Code provides that common law arbitration is binding and "may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S.A. § 7341.

Judicial review of a common law arbitration award is severely limited as otherwise arbitration would be an unnecessary stage of litigation, causing

only delay and expense without settling the dispute. ***See Cargill v. Northwestern Nat'l Ins. Co.***, 462 A.2d 833, 834 (Pa. Super. 1983).

> The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to a reversal for a mistake of either. Neither we nor the trial court may retry the issues addressed in arbitration or review the tribunal's disposition of the merits of the case. Rather, we must confine our review to whether the appellant was deprived of a hearing or whether fraud, misconduct, corruption or other irregularity tainted the award. The appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence. In this context, irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself.

***McKenna v. Sosso***, 745 A.2d 1, 4 (Pa. Super. 1999) (internal citations and quotation marks omitted). "[T]he right to a fair hearing comprises the right to notice and the right to an opportunity to be heard." ***Id***. (citation omitted).

Here, U.S. Spaces has alleged that it was denied its right to an opportunity to be heard when the arbitration panel decided the matter without a hearing. It asserts that the arbitration panel's decision that the broker of record was required to be present was contrary to the rules agreed upon by the parties for arbitration of disputes. We cannot conclude that these allegations are insufficient as a matter of law. Under § 7341, these allegations, if proved, are sufficient to vacate the arbitration award. We therefore reverse and remand for further proceedings.

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/5/2017</u>