J-A08014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MID-ATLANTIC MECHANICAL, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVIS BUCCO, MAKARA AND | : | No. 1268 EDA 2023 |
| DORSEY | : | |

Appeal from the Order Entered May 4, 2023
In the Court of Common Pleas of Chester County Civil Division at No(s):
2022-01390-IR

BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 12, 2024**

Mid-Atlantic Mechanical, Inc. ("Mid-Atlantic") appeals from the May 4, 2023 order granting Davis Bucco & Makara's ("DB&M")[1] petition to confirm an arbitration award and denying Mid-Atlantic's cross-petition to vacate the same award.  We affirm.

We glean the following from the certified record.  The law firm of DB&M represented Mid-Atlantic on several civil matters.  Notably, DB&M's 2020 fee agreement included an arbitration clause, which provided that any dispute "shall . . . be submitted to the American Arbitration Association" ("AAA") for resolution.  **See** DB&M's Answer to Petition for Injunctive Relief to Stay Arbitration, 3/28/22, at Exhibit A (Fee Agreement, 3/13/20, at unnumbered

_____

[1] When this matter began, the appellee was known as Davis Bucco, Makara & Dorsey.  Within this memorandum, we will use the entity's current title, DB&M.

2). On November 4, 2021, DB&M sought to recover unpaid legal fees from Mid-Atlantic pursuant to AAA arbitration.

Mid-Atlantic filed in the trial court a petition for injunctive relief to stay the arbitration pursuant to 42 Pa.C.S. § 7304, alleging that there was no valid agreement to arbitrate because the fee agreement was unsigned. After a hearing, the court denied Mid-Atlantic's petition. The court found that the parties had a valid and enforceable arbitration agreement or, in the alternative, Mid-Atlantic had acquiesced to participate in the arbitration proceedings by "produc[ing] discovery pursuant to an arbitration schedule and fail[ing] to respond to a motion for reconsideration filed with the arbitrator[.]" Order, 12/2/22, at unnumbered 1 n.1. Mid-Atlantic did not seek review with this Court.

The matter proceeded to arbitration, and a hearing was held on January 11, 2023, which Mid-Atlantic refused to attend. On January 18, 2023, the arbitrator issued an award in the amount of $309,536.86 in favor of DB&M, plus interest on a portion of the award. Mid-Atlantic did not challenge the award within thirty days, and on February 21, 2023, DB&M filed a petition to confirm the award. Mid-Atlantic filed a cross-petition to vacate the award approximately three weeks later. As noted, the court granted DB&M's petition and denied Mid-Atlantic's cross-petition.

This appeal followed. Mid-Atlantic complied with the trial court order to file a Pa.R.A.P. 1925(b) statement, and the court issued a responsive Rule 1925(a) opinion. Mid-Atlantic raises the following issues for our consideration:

1) Did the trial court err as a matter of law by finding that Mid-Atlantic waived its right to petition the court to vacate the arbitration award because the governing statutes and supporting case law demonstrate that Mid-Atlantic's challenge to the arbitrator's jurisdiction was timely and was not waived?

2) Did the trial court err as [a] matter of law by finding the arbitrator possessed jurisdiction over the dispute pursuant to an unsigned agreement to arbitrate the dispute?

3) Did the trial court err as [a] matter of law by finding that Mid-Atlantic acquiesced to the jurisdiction of the arbitrator?

Mid-Atlantic's brief at 7 (cleaned up).

At the outset, we observe that the matter before us concerns common law arbitration:

The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration), A.1 (relating to revised statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S. § 7341 (footnote omitted) (designating as common law arbitration any award in a nonjudicial arbitration that is not subject to the Pennsylvania Uniform Arbitration Act ("UAA"), Revised Statutory Arbitration Act ("RSAA"), or any other similar statute).[2] Common law arbitration proceedings are

_____

[2] Although Mid-Atlantic based its petition for injunctive relief upon § 7304 of the UAA, it does not otherwise present any position on whether the matter is properly characterized as common law arbitration. Rather, Mid-Atlantic contests the arbitrability of the matter as a whole.

governed by 42 Pa.C.S. § 7342, as well as the following provisions of the Revised Statutory Arbitration Act ("RSAA"):

Section 7321.6 (relating to application for judicial relief).

Section 7321.7(a) (relating to validity of agreement to arbitrate).

Section 7321.8 (relating to motion to compel or stay arbitration).

Section 7321.12(a) (relating to appointment of arbitrator; service as a neutral arbitrator).

Section 7321.18 (relating to witnesses; subpoenas; depositions; discovery).

Section 7321.27 (relating to jurisdiction).

Section 7321.28 (relating to venue).

Section 7321.29 (relating to appeals), except section 7321.29(a)(4).

42 Pa.C.S. § 7342(a).

It is well-settled that "[j]udicial review of a common law arbitration award is severely limited as otherwise arbitration would be an unnecessary stage of litigation, causing only delay and expense without settling the dispute." **U.S. Spaces, Inc. v. Berkshire Hathaway Home Servs., Fox & Roach**, 165 A.3d 931, 934 (Pa.Super. 2017) (cleaned up). Indeed, "[t]he arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either." **D'Amelia v. Toll Bros.**, 235 A.3d 321, 325 (Pa.Super. 2020) (cleaned up). Such awards are "binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity

caused the rendition of an unjust, inequitable or unconscionable award."[3] *Id*. (cleaned up).

A litigant challenging an arbitration award "bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise and indubitable evidence." *Id*. (cleaned up). Once a trial court has ruled upon a request to confirm an arbitration award, this Court will reverse the trial court's decision "only for an abuse of discretion or an error of law." *Id*. (cleaned up).

The trial court explained in its Rule 1925(a) opinion that § 7342(b) mandated it to confirm the award. Section 7342(b) provides that "[o]n application of a party made more than [thirty] days after an award is made by an arbitrator under [§] 7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order." 42 Pa.C.S. § 7342(b). This Court "ha[s] consistently interpreted this language to mean that the trial court is **required** to confirm the award unless the **other** party has filed a petition to vacate or modify the award within [thirty] days of the date of the award." *Roccograndi v. Martin*, 214 A.3d 251, 256 (Pa.Super. 2019) (cleaned up, emphases in original).

---

[3] As will be discussed *infra*, we do not reach the merits of Mid-Atlantic's jurisdictional claim. Nonetheless, we note that generally, "the narrow standard of review derived from [§] 7341 is not applicable when reviewing a petition to vacate based upon a claim that the parties do not have a valid agreement to arbitrate." *Civan v. Windermere Farms, Inc.*, 180 A.3d 489, 499 (Pa.Super. 2018).

Critically, Mid-Atlantic did not challenge the January 18, 2023 award until March 14, 2023, over thirty days past its issuance. Since Mid-Atlantic failed to timely petition to vacate the award, consistent with § 7342(b) and our caselaw, the trial court was compelled to confirm the arbitration award. *See Lowther v. Roxborough Mem'l Hosp.*, 738 A.2d 480, 486 (Pa.Super. 1999) ("Without an outstanding petition to vacate or modify the award, properly filed within thirty days of the date of the award and prior to [the] petition to confirm, the trial court was required by statute to confirm the award." (cleaned up)). Having taken the only course of action it could, we find no fault on the part of the trial court in confirming the arbitration award.

Nonetheless, Mid-Atlantic ignores § 7342(b) and instead relies upon §§ 7314 (relating to a court vacating an award) and 7320 (relating to appeals), to argue that its petition to vacate was timely because it could not challenge the arbitrator's jurisdiction until after the May 4, 2023 order confirming the award. *See*, *e.g.*, Mid-Atlantic's brief at 26.

This argument misses the mark. First, the UAA provisions Mid-Atlantic relies on solely govern statutory arbitration.[4] Second, and more fundamentally, Mid-Atlantic's jurisdictional challenge is not properly before us. Crucially, Mid-Atlantic could have appealed to this Court from the order denying its petition for injunctive relief based upon whether the matter was

_____

[4] While § 7342(a) previously cross-referenced certain provisions of the UAA, those were replaced as part of a 2019 amendment with the corresponding provisions of the RSAA, listed above.

- 6 -

subject to arbitration but declined to do so. ***See*** Pa.R.A.P. 311(a)(4) (providing that "an appeal may be taken as of right" for an order that denies an injunction, except in circumstances not applicable herein). Then, after the arbitrator issued the award, Mid-Atlantic again had the opportunity to raise the same jurisdictional claims in a petition to vacate. ***See Civan v. Windermere Farms, Inc.***, 180 A.3d 489, 495 (Pa.Super. 2018) (explaining that "this Court has entertained a jurisdictionally-based challenge to an award after its entry"). However, it failed to do so in the timeframe required by § 7342(b).

In ***Beriker v. Permagrain Prod., Inc.***, 500 A.2d 178 (Pa.Super. 1985), this Court considered an appeal from an order confirming an arbitration award, wherein the appellant had contended that there was no agreement to arbitrate between the parties. In affirming, we opined thusly:

> The appellant had the opportunity to appeal from the order of the Court of Common Pleas of Delaware County which denied its request for a preliminary injunction to enjoin the arbitration and failed to file an appeal. The appellant failed to challenge the award made by the arbitrators . . . until after the appellees had moved to have the trial court confirm the award, more than thirty days after it had been entered, and we find that that challenge came too late. We therefore affirm the judgment of the trial court.

***Id***. at 179 (capitalization altered); ***Cf. Civan***, 180 A.3d at 496 n.4, 499 (affirming order vacating award as to individual who was not a party to the arbitration agreement where the challenger "notified the arbitrators of its objection, did not participate in the arbitration, and **timely filed a petition to vacate**" (emphasis added)).

Presented with nearly identical facts and procedural history as in *Beriker*, we reach the same result here. Mid-Atlantic failed to comply with the process for having this Court review the trial court's decision regarding (1) the existence of an agreement to arbitrate or (2) Mid-Atlantic's acquiescence to arbitration, which conferred jurisdiction upon the arbiter to resolve the dispute. Not appealing to this Court the denial of its request for injunctive relief and not timely filing a petition to vacate the award required the trial court to confirm the arbitration award. The trial court having done precisely what was required under the explicit terms of § 7342(b), we affirm the order confirming the arbitration award.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/12/2024