J-A27010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JASON CORRELL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ASW, LLC D/B/A AMERICAN LANDMASTER, GREATER LEHIGH VALLEY POWERSPORTS, LLC D/B/A BLACKMAN'S CYCLE CENTER, JOHN DOES 1-10, AND ABC CORPORATIONS 1-10 | : | No. 470 EDA 2025 |
| | : | |
| APPEAL OF: GREATER LEHIGH VALLEY POWERSPORTS, LLC D/B/A BLACKMAN'S CYCLE CENTER | : | |

Appeal from the Order Entered January 14, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240800952

BEFORE:  BOWES, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BOWES, J.:          **FILED FEBRUARY 11, 2026**

Greater Lehigh Valley Powersports, LLC d/b/a Blackman's Cycle Center ("BCC") appeals from the order denying its petition to open judgment.  We affirm.

The matter *sub judice* began when Jason Correll sustained injuries while operating a utility task vehicle as part of a security team at a music festival. He filed a lawsuit against several defendants, including BCC, which he claimed was one of the entities that "improperly manufactured, designed, tested, inspected, approved, distributed, sold, or certified the subject utility task

vehicle." Trial Court Opinion, 5/19/25, at 1. The trial court summarized the subsequent pertinent history in the following manner:

[BCC] was served with the complaint on August 22, 2024. On September 20, 2024, [Mr. Correll]'s counsel mailed [BCC] a ten[-]day notice of intention to take default. Certified mail return receipts show this notice was received on September 23, 2024. On September 24, 2024, counsel for [BCC] emailed [Mr. Correll]'s counsel and requested twenty days to file an answer. On September 24, 2024, [Mr. Correll]'s counsel agreed to a two-week extension to answer, and inquired if [BCC] could serve its answer by October 8, 2024. On September 25, 2024, [BCC]'s counsel replied: "Much appreciated. I'll be in touch."

On October 25, 2024, [Mr. Correll]'s counsel emailed [BCC]'s counsel to inquire about the status of [BCC]'s answer. [Mr. Correll]'s counsel also informed [BCC] that he "intend[ed] to move forward with a default judgment on November 1." On November 19, 2024, [BCC] not having filed an answer or any responsive pleading, [Mr. Correll] filed a *praecipe* to enter default judgment against [BCC]. [BCC] asserts in the underlying petition that it received notice of the default judgment on November 26, 2024. [BCC] obtained new counsel and on December 6, 2024, [BCC] filed the underlying petition to open judgment. [It asserted that it had been relying on its insurance carrier to timely act in its defense.] On December 26, 2024, [Mr. Correll] filed an answer in opposition of the petition to open judgment. On January 14[, 2025, the trial] court denied the petition.

*Id*. at 1-2 (cleaned up). At that time, the suit against the remaining defendants remained ongoing.

This timely appeal followed. *See* Pa.R.A.P. 311(a)(1) ("An appeal may be taken as of right" from, *inter alia*, "[a]n order refusing to open . . . a judgment."). BCC complied with the court's order to file a Pa.R.A.P. 1925(b)

- 2 -

concise statement, and the court submitted a responsive opinion.[1]  BCC raises

two issues for our consideration:

> 1.  Whether the trial court abused its discretion and/or committed an error of law by failing to determine [BCC] sufficiently set forth the three elements necessary to open a default judgment, whereas [BCC]:  (1) promptly filed a petition to open the judgment, (2) provided a meritorious defense, and (3) offered a legitimate excuse for the delay in filing a timely answer.
>
> 2.  Whether the trial court abused its discretion and/or committed an error of law by failing to provide [BCC] with a hearing on the petition and allowing [BCC] to make a record, thus violating [BCC]'s due process rights and/or other legal requirements.

BCC's brief at 5.

We begin with the principles governing our review of BCC's first issue:

> A petition to open a default judgment is addressed to the equitable powers of the court and the trial court has discretion to grant or deny such a petition.  The party seeking to open the default judgment must establish three elements:  (1) the petition to open or strike was promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim.  The court's refusal to open a default judgment will not be reversed on appeal unless the trial court abused its discretion or committed an error of law.  An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will.  Moreover, this Court must determine whether there are equitable considerations that weigh in favor of opening the default judgment and allowing the defendant to defend the case on the merits.  Where the equities warrant

---

[1] We remind the trial court that all Rule 1925(b) orders must specify both where the appellant may serve the statement in person and the address where it may be mailed.  *See* Pa.R.A.P. 1925(b)(3)(iii).

opening a default judgment, this Court will not hesitate to find an abuse of discretion.

*Scalla v. KWS, Inc.*, 240 A.3d 131, 135–36 (Pa.Super. 2020) (cleaned up). Nonetheless, "the trial court cannot open a default judgment based on the equities of the case when the defendant has failed to establish all three of the required criteria." *Id*. at 145 (cleaned up). Since the denial in the instant matter was based upon BCC's failure to provide an adequate excuse, we focus on that element. "Whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case." *Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206, 1210 (Pa.Super. 1993) (cleaned up).

BCC argues that "[a] justifiable belief that its defense was to be promptly and properly handled by prior counsel is excusable." BCC's brief at 14. For support, it directs us to *Autologic Inc. v. Cristinzio Movers*, 481 A.2d 1362 (Pa.Super. 1984). In that case, we held as follows:

> Generally speaking, a default attributable to a defendant's justifiable belief that his legal interests are being protected by his insurance company is excusable. However, if the insured fails to inquire of the insurer as to the status of the case after events have occurred which should have reasonably alerted the insured to a possible problem, the insured is precluded from asserting a **justifiable** belief that its interests were being protected.

*Autologic Inc.*, 481 A.2d at 1363 (cleaned up, emphasis in original).

As conceded by BCC, "a corporate entity has an obligation to seek reassurance from its insurer that actions were being taken on its behalf after receiving notification of the appellee's intent to seek default judgment." BCC's brief at 16 (quoting *Reid v. Boohar*, 856 A.2d 156, 161 (Pa.Super. 2004)).

However, BCC maintains that it "did not make a deliberate decision not to defend, nor was its reliance upon counsel unreasonable" because it believed "prior counsel was following up with insurance on coverage." *Id*. at 16-17. It insists that it "was not made aware that its carrier and/or prior counsel did not file a timely response on its behalf until discovery of the [d]efault [j]udgment." *Id*. at 17. Further, BCC highlights that "immediately upon discovering that its interests were not protected as promised, [BCC] retained new counsel and promptly filed a [p]etition to [o]pen." *Id*. at 18.

The trial court, in short, did not find BCC's reliance justifiable, expounding thusly:

> The September 24, 2024, September 25, 2024, and October 24, 2024 emails attached to the underlying petition show that [BCC]'s then-counsel was on notice of [its] overdue answer. [BCC] contends . . . that it reasonably believed its insurance carrier, by and through prior counsel, was assuming the defense. However, [BCC] failed to attach to its petition any evidence supporting its alleged belief that its insurance carrier was handling its defense. All evidence provided by [BCC] show[ed] that its then-counsel was on notice of the risk of default, but [BCC] nevertheless failed to file its answer.

Trial Court Opinion, 5/19/25, at 6 (cleaned up).

Upon review, we discern no abuse of discretion on the trial court's part. In *Flynn v. Casa Di Bertacchi Corp.*, 674 A.2d 1099 (Pa.Super. 1996), this Court reiterated the responsibility a business defendant bears to seek reassurance from an insurance carrier when relying upon the carrier to present a timely defense:

Casa is a corporate entity, and it is noteworthy that Casa makes no claim that it lacks an in-house system for monitoring claims against it. It was, therefore, incumbent upon Casa to seek reassurance from its insurer when it received notification of the Flynns' intent to seek a default judgment. Additionally, Casa's response was due on December 18, 1994 and sixty-five days passed without a response before the entry of the default judgment. Casa has failed to convince this court that we should accept the excuse that it justifiably relied on its insurer.

*Flynn*, 674 A.2d at 1103 (cleaned up).

In the instant matter, the attorneys representing Mr. Correll and BCC agreed to an extension, setting BCC's answer to be due on October 8, 2024. Forty-two days later, with no response despite notice that default would be pursued, default judgment was entered. As a business, BCC had an obligation to ensure its legal interests were being represented, and it failed to allege in the petition that it followed up with prior counsel regarding the actions of the insurance carrier in protecting its interests in the suit, or that it lacked the means to do so. *See Nunez v. KLS Enters*, 294 A.3d 1142, 2021 WL 463363, at *3 (Pa.Super. 2021) (non-precedential decision) (concluding that the corporate franchisee "KLS[,] was not justified in relying on its insurance carriers when they failed to inquire as to the status of the claim or confirm that KLS'[s] carriers were taking steps to handle the matter").

Indeed, despite attaching several other exhibits to the petition, BCC supplied nothing to demonstrate its reliance. Instead, it offered only the following averments in support of this element:

21. Likewise, [BCC] offers a legitimate excuse for the delay in filing a timely answer to the complaint originally.

- 6 -

22. It was [BCC]'s belief, following communications with prior counsel, that its insurance carrier was assuming [BCC]'s defense and would be providing a timely answer on [BCC]'s behalf.

23. [BCC] was not made aware that its carrier and/or prior counsel did not file a timely response on [BCC]'s behalf until discovering the default judgment, and, as above, thereafter timely retaining new counsel and filed the present petition.

Petition to Open Judgment, 12/6/24, at unnumbered 4 (some capitalization altered).[2] Even accepting these allegations as true, BCC did not establish that it acted diligently in protecting its interests. Finding no error in the court's conclusion that BCC did not justifiably rely upon prior counsel and the insurance carrier to timely handle its defense, we hold that BCC is not entitled to relief on its first claim.

Next, BCC contends that the court erred by denying the petition to open without first conducting a hearing and allowing it the opportunity to develop a record in support of the petition. *See* BCC's brief at 22. In Philadelphia, "[u]pon the filing of a petition [to open a default judgment], a rule to show cause shall be issued as of course by the Motion Court clerk on behalf of the [trial c]ourt." Phila.Civ.R. 206.4(c). Such an order is to include, in substantial part, that:

_____

[2] BCC alleges for the first time on appeal that: (1) its coverage was initially denied and counsel was attempting to dispute that decision, and (2) it did not include communications with prior counsel evincing this reliance because they were privileged. *See* BCC's brief at 16-17. Rather, it avers that it would have explained the reliance through the testimony of BCC's principal. However, BCC does not expound on why it did not reference the coverage issue in the petition, nor why it could not have provided a summary of any expected testimony in an affidavit.

(1) a Rule is issued upon the respondent to show cause why the petitioner is not entitled to the relief requested;

(2) the respondent shall file an answer to the Petition within twenty days;

(3) [a] Hearing or Argument shall be scheduled at the discretion of the Assigned Judge; and

(4) notice of the entry of this order shall be provided immediately to all parties by the petitioner.

*Id*.

Here, a rule to show cause order was not issued directing Mr. Correll to respond to BCC's petition to open the default judgment. Nonetheless, he filed a response to the petition within twenty days. With these filings in hand, the trial court determined that it "was fully briefed on the substantive issues raised in the Petition, and exercised its discretion in deciding the Petition without a hearing." Trial Court Opinion, 5/19/25, at 5.

Pertinently, this Court encountered a similar situation, involving a petition to open a foreign judgment, where the same Philadelphia Civil Rule was not strictly followed:

[I]n spite of the fact that the clerk of the trial court did not issue a rule to show cause order upon the filing of the petition to open, Capstone did substantively respond to the allegations of the petition by filing an answer, and therefore Appellants effectively received the full benefit of the local petition practice.

Moreover, the Rules of Civil Procedure fail to support Appellants' argument that they were entitled to take discovery before the trial court could dispose of the petition to open. Rule of Civil Procedure 206.7 outlines the procedure after the issuance of a rule to show cause, providing that "[i]f an answer is filed raising disputed issues of material fact, the petitioner may take depositions on

those issues, or such other discovery as the court allows." Pa.R.C.P. 206.7(c). On the other hand, "[i]f the answer does not raise disputed issues of fact, then the petition and answer are ready for decision by the court without the fact-finding process" of Rule 206.7. *U.S. Spaces, Inc. v. Berkshire Hathaway Home Services*, 165 A.3d 931, 933 (Pa.Super. 2017) (quoting Pa.R.C.P. 206.4, *Comment*). Thus, the discovery envisioned in Rule 206.7 is premised upon a dispute between the parties concerning facts material to the resolution of the petition, and discovery is not required where no disputed material fact exists.

*Capstone Cap. Grp., LLC v. Alexander Perry, Inc.*, 263 A.3d 1178, 1185 (Pa.Super. 2021) (some citations omitted). Since we concluded that "there were no disputed issues of fact, the trial court was not required to allow for discovery prior to ruling on the petition to open." *Id*. at 1186.

Contrary to BCC's assertion that Rule 206.4(c) mandates a hearing, the same analysis portends to the decision to conduct a hearing, as the rule provides that "[a] Hearing or Argument shall be scheduled **at the discretion** of the Assigned Judge[.]" Phila.Civ.R. 206.4(c) (emphasis added); *see also Dominic's Inc. v. Tony's Famous Tomato Pie Bar & Rest., Inc.*, 214 A.3d 259, 271 (Pa.Super. 2019) (citing Phila.Civ.R. 206.4(c) for the proposition that "the trial court had full discretion to allow or deny discovery or a hearing"). Here, the court had the benefit of the petition to open and a responsive answer from Mr. Correll. We discern nothing in the record that indicates the court abused its discretion by denying the petition to open based upon those filings, without first conducting a hearing.

In light of the foregoing, BCC has not raised any issue meriting relief, and we therefore affirm the order denying its petition to open.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/11/2026